UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ANTHONY ALEXANDER MALLOY,

                  Plaintiff,

-against-

THE CITY OF NEW YORK DEPARTMENT OF
HOMELESS SERVICES, MS. EVANS, SUPERVISOR,
MR. BUTTON, SUPERVISOR, MS. COOPER,
DIRECTOR,

                  Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/13/2022__

21 Civ. 4839 (AT) (SN)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

      On June 1, 2021, Plaintiff *pro se*, Anthony Alexander Malloy, filed a complaint against Defendants Tamika Everson, Paul Budden, and Selena Cooper (the "Salvation Army Defendants"), bringing claims under 42 U.S.C. § 1983 for violation of his Eighth and Fourteenth Amendment rights, for discrimination in a public accommodation in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000(a), and for violation of Titles II and III of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12182, 12132. Compl., ECF No. 1; Report and Recommendation ("R&R") at 4, ECF No. 74. On June 4, 2021, Plaintiff amended his complaint to include as defendants unnamed directors of the New York City Department of Homeless Services ("DHS") and Department of Finance ("DOF") (collectively, the "City Defendants"). Amend. Compl., ECF No. 5. Defendants moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 43, 51. On December 16, 2021, the motion was referred to the Honorable Sarah Netburn for an R&R. ECF No. 56.

      Before the Court is Judge Netburn's R&R dated July 28, 2022, which recommends that Defendants' motions to dismiss be granted, the complaint be dismissed, and no leave to amend be granted. *See* R&R. For the reasons stated below, the Court OVERRULES Plaintiff's objections, ADOPTS the R&R in its entirety, and GRANTS Defendants' motions to dismiss.

## DISCUSSION[1]

I.     Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The court reviews *de novo* those portions of the R&R to which a party makes specific objections. *Id.*; Fed. R. Civ. P. 72(b)(3). "[C]onclusory or general objections, or . . . reiterat[ion of a party's] original arguments" do not trigger *de novo* review. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immig. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Although "[p]ro se parties are generally accorded leniency when making objections, . . . even a pro se party's objections . . . must be specific and clearly aimed at particular findings . . . [and may not] simply relitigat[e] a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citation omitted).

The court reviews for clear error those portions of the R&R to which no specific objection is made. *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

---

[1] The Court presumes familiarity with the facts and procedural history as detailed in the R&R, *see* R&R at 2–3, and, therefore, does not summarize them here.

2

II.     R&R

Plaintiff does not specifically object to any of Judge Netburn's findings. *See* Obj., ECF No. 75. Rather, Plaintiff simply restates the facts alleged in his complaint and amended complaint and makes conclusory statements that Defendants' actions violated his rights. *See id.* Because Plaintiff's objections are general, conclusory, and simply reiterate the factual allegations in his complaint, the Court shall not review Judge Netburn's findings *de novo*. *See Wallace*, 2014 WL 2854631, at *1; *Bailey*, 2014 WL 2855041, at *1; *Pinkney*, 2008 WL 2811816, at *1.

The Court has reviewed the thorough and well-reasoned R&R for clear error, *see Oquendo*, 2014 WL 4160222, at *2, and finds none. Accordingly, the Court OVERRULES Plaintiff's objections, ADOPTS the R&R in its entirety, and GRANTS Defendants' motions to dismiss.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objections, ADOPTS the R&R in its entirety, and GRANTS Defendants' motions to dismiss. The Clerk of Court is directed to mail a copy of this order to Plaintiff *pro se*, terminate the motions at ECF Nos. 43 and 51, and close the case.

SO ORDERED.

Dated: September 13, 2022
        New York, New York

_____
ANALISA TORRES
United States District Judge